```
 1  Mark D. Estle (CA Bar No. 135004)
    THE ESTLE LAW FIRM
 2  12520 High Bluff Drive, Suite 265
    San Diego, California 92130
 3  Telephone  (858)720-0890
    Facsimile  (858)720-0092
 4

 5
    Attorney for Movant AURORA LOAN SERVICES LLC
 6

 7
                    UNITED STATES BANKRUPTCY COURT
 8
                    NORTHERN DISTRICT OF CALIFORNIA
 9
                           OAKLAND DIVISION
10

11
    In re:                          Bankruptcy No. 10-43002-EDJ
12                                  Chapter 7
                                    R.S. No.: MDE-701
13  LELAND PINTO,
                                    MOTION FOR RELIEF FROM
14            Debtor (s).           AUTOMATIC STAY

15                                  Date: May 7, 2010
                                    Time: 10:00 a.m.
16                                  Ctrm: 215

17

18      TO THE DEBTOR LELAND PINTO, THE CHAPTER 7 TRUSTEE AND ALL

19  OTHER INTERESTED PARTIES:

20      AURORA LOAN SERVICES LLC ("Movant") moves this Court for an

21  Order granting Movant relief from the automatic stay in order to

22  exercise its remedies under California law, including but not

23  limited to, recovery of possession of the Property located at

24  4509 Horseshoe Circle, Antioch, CA 94531 (the "Property").

25      This Court has jurisdiction over this matter pursuant to  11

26  U.S.C. §361 and §362 and Federal Rules of Bankruptcy Procedure

27  4001, 9013 and 9014, and Local Bankruptcy Rules for the Northern

28  District, Rule 4001-1.  This is a core proceeding under 28 U.S.C.
```

157 (b) (2).

This motion is based upon all of the documents, records and evidence on file in the instant case together with the Notice of Motion, this Motion, and the Declaration of Deborah M. Bass filed and served concurrently herewith, and such additional documents, records, evidence and argument of counsel as may be presented.

Movant is the owner of the Property, having obtained title to the Property through a lawful foreclosure proceeding under California Civil Code §2924. A Trustee's Deed Upon Sale conveying title to the Property to Movant was executed and delivered to Movant on January 29, 2010.

Movant served Debtor with a Notice to vacate the Property on February 4, 2010.

On February 11, 2010, Movant filed a complaint for Unlawful Detainer against Debtor.

Debtor filed a Chapter 7 proceeding on February 26, 2010 as Case No. 10-42068-RJN. That case was dismissed on March 17, 2010.

Debtor filed this Chapter 7 proceeding on March 18, 2010.

A Judgment for unlawful detainer was entered against Debtor on March 26, 2010. A writ of possession was then issued on March 26, 2010.

Movant alleges that cause exists based on the foregoing, there is no equity in the Property and the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays this Court issue an Order:

A. Terminating the automatic stay to permit Movant, its successors and/or assigns, to exercise its lawful remedies under

1 applicable non-bankruptcy law, including but not limited to the
2 right to obtain possession of the Property; and
3     B.    Anulling the automatic stay to the petition date of
4 March 18, 2010, so that the filing of the bankruptcy petition
5 does not affect post-petition acts, as specified in the
6 supporting declaration of Deborah M. Bass; and
7     C.    That, in the alternative, confirming that the automatic
8 stay does not apply; and
9     D.    In the event this Chapter 7 proceeding is converted to
10 another Chapter, the order be deemed binding and of full force
11 and effect in any such converted proceeding as to the parties
12 herein; and
13     E.    That the 14-day waiting period prescribed by Federal
14 Rules of Bankruptcy Procedure, Rule 4001 (a)(3) be waived.
15     F.    Movant shall be granted such other and further relief
16 as this Court deems just and proper.

THE ESTLE LAW FIRM

DATED: April 14, 2010     By: /s/ Mark D. Estle
    MARK D. ESTLE,
    Attorney for Movant
    AURORA LOAN SERVICES LLC