BARBARA A. MATTHEWS (SBN 185094)
Assistant U.S. Trustee
Lynette C. Kelly (SBN 120799)
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
1301 Clay Street, Suite 690N
Oakland, California 94612-5217
Telephone: (510) 637-3200
lynette.c.kelly@usdoj.gov

Attorneys for Acting United States Trustee,
SARA L. KISTLER

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

LELAND PINTO,
        Debtor.

Case No. 10-43002
Chapter 7

**Date:** June 24, 2010
**Time:** 3:30 p.m.
**Room:** 215

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION BY UNITED STATES TRUSTEE
FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. §329**

The United States Trustee ("UST") submits this memorandum of points and authorities in support of her motion for the review of any fees paid to George Holland, Jr. ("Holland"), Debtor's attorney, with respect to the above-captioned bankruptcy case and for an order that any compensation received by Holland in excess of the value of the services rendered be ordered disgorged to the Debtor pursuant to Section 329(b) of title 11 of the United States Code, 11 U.S.C. §101, *et seq*. (the "Bankruptcy Code").

**FACTS**

1. On February 26, 2010, three weeks prior to the filing of this case, the debtor, Leland Pinto ("Debtor"), filed a prior voluntary petition under Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of California, Case No. 10-42068. Holland's signature appears on that petition as Debtor's attorney. *See* Request for Judicial Notice ("Request"), filed herewith, ¶2.

Memo of P&A in Support of Motion for Review of Fees
Case No. 10-43002
Case: 10-43002   Doc# 30-1   Filed: 05/21/10   Entered: 05/21/10 14:16:27   Page 1 of 7

2. The case was filed as a skeletal filing, with no schedules, statement of financial affairs, creditor list, credit counseling certificate or Exhibit D. On March 1, 2010, the Court entered an Order to File Required Documents and Notice Regarding Dismissal, and on March 17, 2010, the Court entered an order dismissing the case for failure to file information. *See* Request ¶2.

3. On March 18, 2010, Debtor filed the current voluntary petition in Case No. 10-43002, under chapter 7 of the Bankruptcy Code. Again, Holland's signature appears on the petition as Debtor's counsel. Docket No. 1.[1]

4. Notwithstanding that Holland was Debtor's counsel in both cases, the current petition failed to disclose Debtor's prior case and instead stated "NONE" under the heading "All Prior Bankruptcy Cases Filed Within the Last 8 Years." Docket No. 1.

5. On March 18, 2010, the following entries were made on the docket by the Court:
- corrected Debtor's name to match the petition;
- noted that the attorney's address was not listed on the petition;
- corrected statistical data to match the PDF with regard to Schedules A - J and noted that the documents were upside down;
- corrected statistical data to match the PDF with regard to the Chapter 7 Statement of Current Monthly Income and Means Test ("Means Test") and noted that the document was not signed; and
- noted that the creditors were not uploaded to the mailing matrix and that the PDF included an unsigned disclosure of compensation.

Docket Nos. 1, 3-5.

6. On March 19, 2010, the following entries on the docket were entered by the Court:
- corrected statistical data to match the Statistical Summary of Certain Liabilities filed by the debtor and noted that the PDF included an unsigned declaration of schedules;
- noted that the wrong event code was used for the document filed under entry number 8; and
- noted the wrong event code used for the "Statement of Intent" and "Notice to Individual Consumer Debtors."

Docket Nos. 6, 8-9.

7. On March 22, 2010, the Court's docket entry identifies an error in which all of Debtor's previously-filed entries contain an attachment that is a duplicate of the original PDF.

---

[1] References to "Docket No.__" are references to the court docket in the above-captioned chapter 7 case, Case No. 10-43002. The UST requests that the Court take judicial notice of the entries on the docket and the documents filed therein. *See* Request ¶1.

8. Schedule A, filed on March 18, 2010, indicates that Debtor owns a residence at 4509 Horseshoe Circle, Antioch, CA 94531 (the "Residence") in fee simple. Docket No. 3. Schedule C lists exemptions totaling $238,000 with respect to the Residence, including a purported exemption under C.C.P. § 703.140(b)(3) for $217,275. *Id.* On Schedule D, Debtor lists two secured lenders with a note stating "Property in foreclosure would like to keep property and work something out." *Id*. No foreclosure is disclosed on the Statement of Financial Affairs, question 5. Docket No. 7. In fact, at the time these documents were filed, it appears that the Residence had already been sold in a foreclosure sale and title transferred to Aurora Loan Services LLC ("Aurora") on or about January 29, 2010. *See* Declaration of Deborah M. Bass in Support of Motion for Relief from Stay, Docket No. 17, attachment 1. It further appears that Aurora served the Debtor with a notice to vacate on February 4, 2010 and filed a complaint for unlawful detainer against Debtor on February 11, 2010. *Id.* Thus, at the time of filing of both Debtor's first bankruptcy, Case No. 10-42068, on February 26, 2010, and the current case, on March 18, 2010, Debtor did not in fact own the Residence and was subject to an unlawful detainer action. Other than the note regarding the Residence being "in foreclosure" in Schedule D in the current case, these facts were not disclosed by Debtor in either of his bankruptcy cases. In both cases, Holland represented the Debtor and submitted to the Court the documents containing these misrepresentations and omissions. This Court held a hearing and granted Aurora's motion for relief from stay on May 7, 2010. On May 11, 2010, the Court entered its order dismissing the case. Docket No. 26.

9. Although Schedule B lists various types of personal property, including two bank accounts, five rooms of furniture and four vehicles (but, improbably, no clothing), Schedule C only claims exemptions in the Residence – which Debtor did not own at the time either case was filed – and the furniture in the "2nd bedroom." Docket No. 3. The exemptions for the Residence include one purportedly based on C.C.P. § 703.140(b)(3), which subsection covers household furnishings, not residences. Moreover, that exemption is stated in the amount of $217,275, an amount unsupported by any provision of the California Code of Civil Procedure.

10. In both of Debtor's bankruptcy cases, Holland failed to file a statement disclosing his compensation as required by Federal Rule of Bankruptcy Procedure 2016. In the current case,

a form of Rule 2016 Statement was attached to the filing of Debtor's creditor matrix on March 18, 2010. Docket No. 5. This document does not include the case name or number, is unsigned, and lists all zeros for the amounts paid or to be paid. *Id.* On Question 9 of the Statement of Financial Affairs, the Debtor has checked "none." Docket No. 7.

11. As indicated in paragraphs 5 and 7 above, the Means Test filed by the Debtor on March 18, 2010 was unsigned and included an exhibit which was another copy of the Means Test. Docket No. 4. The information included on the Means Test is contradicted by the information contained on Schedules I and J. Docket No. 3. On the Means Test, Debtor's gross monthly income is given as $4,675.20. Although the box is checked indicating that Debtor is married, his household is listed as having one member for purposes of deductions on Part V. Schedule I indicates that Debtor not only is married but also has three children, presumably increasing his household size to five. On the Means Test, the only two deductions entered are on lines 19A, National Standard: food, clothing and items ($517), and 19B, National Standards: health care ($60). All of the other lines for deductions on the Means Test are entered with a zero, resulting in a total of just $577 in deductions on line 33. Even these deductions were not included in line 47 "Total Deductions from Income," which is listed as zero. As a result, in Part VI, Determination of §707(b)(2) Presumption, both current monthly income and monthly disposable income are listed as $4,675.20, resulting in a total 60-month disposable income of $280,512.00 and a determination that the presumption arises. In contrast, the net monthly income for this family of five on Schedule J is *negative* $658.43.

12. On March 24, 2010, Debtor filed a second Means Test. Docket No. 14. This Means Test appears identical to the one filed on March 18, 2010, is unsigned, and includes an identical attachment which is another .pdf copy of the same Means Test. Inexplicably, a second attachment includes a statistical summary of certain liabilities and a blank form of declaration of schedules. The Court noted on the docket: "modified case flags to match means test. PDF includes a statistical summary of certain liabilities and a declaration of schedules. Error: Documents are not signed - correction required."

13. On April 3, 2010, the Debtor filed a third Means Test. Docket No. 15. The numerical entries are identical to the first two Means Tests filed, but the third Means Test includes

a signature of the Debtor. Attached to the third Means Test is a W-2 of Leland Pinto which includes his full social security number as well as a pay advice and copy of a paycheck. Again, a duplicate .pdf of the same documents is attached.

14. On April 3, 2010, Holland filed on behalf of Debtor a Declaration of Debtor with respect to the Schedules. Docket No. 16. The Declaration, like the signed Means Test that was filed on April 3, 2010, contains a hand printed signature in blue ink styled "/s/ Leland Pinto" rather than either an electronic signature or the actual signature of the Debtor.

15. The U.S. Trustee has been informed by the chapter 7 trustee in this case that neither Debtor nor Holland appeared at the initial or continued Section 341 meetings of creditors on April 21, 2010 and May 5, 2010, respectively. Moreover, Holland did not communicate with the chapter 7 trustee to explain his absence or for any other reason in this case. *See* Declaration of Paul Mansdorf, filed herewith.

## ARGUMENT

The UST is responsible for supervising the administration of cases under the Bankruptcy Code and has standing to bring this motion. 28 U.S.C. § 586(a)(3)(A); 11 U.S.C. §§ 307. Section 329(b) authorizes the Court to examine any agreement regarding services rendered to the debtor(s) "in contemplation of or in connection with" the petition. 11 U.S.C. § 329(b). Section 329(b) provides, in pertinent part: "If such compensation exceeds the reasonable value of any such service, the court may cancel any such agreement, or order the return of any such payment." *See also* Fed.R.Bankr.P. 2017.

The California Rules of Professional Conduct require counsel to act competently. Rule 3-110 provides:

(A) A member shall not intentionally, recklessly, or repeatedly fail to perform

legal services with competence.

(B) For purposes of this rule, "competence" in any legal service shall mean to

apply the 1) diligence, 2) learning and skill, and 3) mental, emotional, and

physical ability reasonably necessary for the performance of such service.

In addition, Federal Rule of Bankruptcy Procedure 9011 requires that all documents filed

shall be signed by the attorney of record, that each paper shall state the signer's address and telephone number, and that, by presenting a pleading or other paper to the Court, an attorney is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ...(1) it is not being presented for any improper purpose..., (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument...[and] (3) the allegations and other factual contentions have evidentiary support." Fed. R. Bankr. P. 9011; *see also Marsch v. Marsch (In re Marsch)* 36 F.3d 825 (9th Cir. 1994).

In this case, it appears that Holland made no reasonable inquiry as to key facts in the case, or recklessly disregarded the facts, and signed or submitted documents to the Court containing gross errors, misrepresentations and omissions. Holland listed on the schedules a house as owned by the Debtor and asserted exemptions for it even though the Debtor did not in fact own the house. The exemption asserted under §703.140(b)(3) for $217,275 has no basis in law, either with respect to the code section cited or the amount claimed. Even while asserting exemptions for property the Debtor did not own, Holland failed to assert exemptions for much of the personal property on Schedule B. The Means Test that was filed three times is completely erroneous and is not even consistent with Debtor's schedules. Holland failed to file a completed or signed Rule 2016 statement, both in this case and Debtor's prior case; as a result, it is impossible to determine what Debtor has paid to Holland. Holland failed to appear at two Section 341 meetings, and offered no explanation to the chapter 7 trustee for his failure to appear. Holland's actions in this case demonstrate a lack of the competency required by the California Rules of Professional Conduct to such a degree that his services in this case must be deemed to be valueless. Indeed, his actions do not even meet the minimum requirements of Bankruptcy Rule 9011.

## CONCLUSION

For all of these reasons, the U.S. Trustee requests that this Court review any fees paid to Holland, order him to disgorge the entire amount of any such fees pursuant to Section 329 of the

//

//

Memo of P&A in Support of Motion for Review of Fees
Case No. 10-43002

Case: 10-43002    Doc# 30-1    Filed: 05/21/10    Entered: 05/21/10 14:16:27    Page 6 of 7

Bankruptcy Code, and grant such other and further relief as this Court deems just and proper.

Dated: May 21, 2010

BARBARA A. MATTHEWS
Assistant United States Trustee

*Lynette C. Kelly*
By: _____
Lynette C. Kelly
Trial Attorney

Attorneys for the Acting U.S. Trustee,
Sara L. Kistler